### THE STATE *v.* FOSTER.

1. The arrest of a judgment is a final decision, and a writ of error will lie thereon.
2. An indictment, charging the defendant did suffer a gambling device to be set up and used in his house, at which a game of chance called Loto was played, &c., is good.

### ERROR to Saline Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.

The defendant was indicted in Saline Circuit Court for suffering a gambling device called a Shuffle Board to be used at his house, at which a game of chance called Shuffle Board was played for money and property. Plea not guilty. Verdict guilty. The judgment was arrested, and thereupon this writ was sued out.

The defendant in error insists that there is here no judgment, and that consequently the writ of error does not lie. The language of the statute is, " that writs of error on the final decision or judgment of the Circuit Court, shall issue on demand as a matter of right. The act of the Court arresting the judgment is a final decision, and is virtually an acquittal (for the time present) of the defendant." It is the opinion of this Court that the writ of error well lies.

The defendant's counsel did not contend that the indictment was defective. The Court, however, have inspected the indictment, and believe it to be good. See Lowry *v.* State of Missouri, p. 724 of the printed decisions of this Court. The indictment in that case charged that the defendant, Lowry; did suffer a gambling device to be set up and used in his house, at which a game of chance called Loto was played, (211) &c.; and the offence was decided to be well charged. This indictment is almost a copy of that decided to be good by the Court sitting at St. Louis.

The decision of the Circuit Court of Saline county, arresting the judgment in this cause, is reversed., and this Court proceeding to give such judgment as the Circuit Court ought to have given, do assess the fine of the plaintiff in error to $50, &c.